UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEDINA FAGAN, <br><br>          Plaintiff, <br>   v. <br><br> JAMES CONMY, et al., <br><br>          Defendants. | CIVIL ACTION NO. 3:21-CV-02043 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Before the Court is a partial motion to dismiss brought by Defendants James Conmy ("Detective Conmy") and John Doe Wilkes-Barre City Police Defendants, and the City of Wilkes-Barre (the "City") (collectively, "City Defendants"). (Doc. 10). This civil rights action was commended by Plaintiff Medina Fagan ("Fagan") by filing a complaint on December 6, 2021, against City Defendants, as well as Defendants Brian Atherholt ("Trooper Atherholt") and John Doe Pennsylvania State Police Defendants (collectively, "State Defendants"). (Doc. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 17). For the following reasons, the partial motion to dismiss shall be granted. (Doc. 10).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On December 6, 2021, Fagan filed the complaint against City Defendants and State Defendants. (Doc. 1). The events giving rise to this action follow. According to the complaint, Fagan was at all relevant times the lawful tenant at 17 West Maple Street, Wilkes-Barre, Pennsylvania 18702 (the "Property"). (Doc. 1, ¶ 23). Fagan permitted Tyson Campbell ("Campbell") and who she believed to be Campbell's cousin to reside with her at the Property for a short period of time until they could find another place to live. (Doc. 1, ¶¶ 24-27). On or

about May 12, 2021, a search warrant was issued for the Property, which Detective Conmy and Trooper Atherholt had applied for. (Doc. 1, ¶ 28). The search warrant identified the items to be searched for and seized as cocaine/crack cocaine; United States currency; paraphernalia associated with the use and distribution of cocaine/crack cocaine, including, but not limited to digital scales, packaging materials, and owe sheets or ledgers; and cellular phones utilizing specific telephone numbers. (Doc. 1-2, at 2). The search warrant specified the owners, occupants, or possessors of the Property to be Campbell and an unknown black male using the name "Shawn" (later referred to as "Shane"). (Doc. 1-2, at 2). The affidavit of probable cause is attached to the search warrant. (Doc. 1-2, at 4-6). On May 13, 2021, Detective Conmy and other law enforcement officers executed the search warrant at the Property. (Doc. 1, ¶ 44). During the search, Campbell was arrested. (Doc. 1, ¶ 66). Fagan cooperated with the police and was not charged with any crimes. (Doc. 1, ¶¶ 67-73).

In the complaint, Fagan states the following claims: Count I - 42 U.S.C. § 1983 claim for unconstitutional search and seizure; Count II - 42 U.S.C. § 1983 claim for unconstitutional conspiracy; Count III – conversion; and Count IV – trespass to chattel. (Doc. 1, at 13, 20-22). On February 11, 2022, City Defendants filed the partial motion to dismiss. (Doc. 10). On February 18, 2022, State Defendants filed their answer and affirmative defenses to the complaint. (Doc. 13). The motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 18; Doc. 19).

**II.    STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-

pleaded allegations in the complaint are true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although a court must accept the factual allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, the United States Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

In the partial motion to dismiss, City Defendants advance the three main arguments for the dismissal of Count I of the complaint. (Doc. 18). First, City Defendants argue that Fagan's Fourteenth Amendment claims of unconstitutional search and seizure must fail as a matter of law as the more-specific provision of the Fourth Amendment applies. (Doc. 18, at

3

5-6). Second, City Defendants submit that the 42 U.S.C. § 1983 claims for failure to properly train and supervise must fail as a matter of law because the complaint asserts broad and factually unsupported generalized allegations regarding Detective Conmy's training and the City's alleged failure to supervise. (Doc. 18, at 7-9). Finally, City Defendants aver that the 42 U.S.C. § 1983 claim regarding custom and policy must fail as a matter of law because stems from a single incident, and Fagan's complaint makes conclusory, unsupported allegations. (Doc. 18, at 10). In opposition, Fagan argues that the complaint pleads sufficient facts regarding *Monell* liability to the City. (Doc. 19, at 3).

    A.  F<span>AGAN</span>'<span>S</span> <span>DUE PROCESS CLAIM IS BARRED BY THE MORE-SPECIFIC-PROVISION RULE.</span>

In Count I, Fagan alleges that Defendants' conduct constituted an unconstitutional search and seizure, depriving her of "rights, liberties, and immunities that she is granted under the Fourth Amendment, Fourteenth Amendment, and Pennsylvania Constitution." (Doc. 1, ¶ 80). To the extent Fagan attempts to bring independent due process claims, these claims are barred by the more-specific-provision rule.

The "more-specific-provision rule" provides that " 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.' " *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Here, because the only allegations raised by Fagan fit within the Fourth Amendment's prohibition on unreasonable seizures, the "more-specific-provision rule" forecloses her Fourteenth Amendment claim. *See, e.g., Rankin v. Majikes*, No. 3:14-CV-699, 2014 WL 6893693, at *4 (M.D. Pa. Dec. 5, 2014) (dismissing unreasonable seizure claim brought under the Fourteenth

4

Amendment pursuant to the more-specific-provision rule). Therefore, the Fourteenth Amendment claim against all Defendants will be dismissed with prejudice.

B. FAGAN FAILS TO ALLEGE A 42 U.S.C. § 1983 CLAIM AGAINST THE CITY IN COUNT I.

City Defendants seek dismissal of Count I against the City on the basis that Fagan fails to identify and allege the existence of an unlawful municipal policy or custom. (Doc. 18, at 6-10). In opposition, Fagan argues that because the complaint "validly pled prongs one and three of the *Walker* test, [Fagan] should be given an opportunity in discovery to establish prong two of the *Walker* test." (Doc. 19, at 8). Specifically, Fagan argues that "policymakers for the [City] knew their employees would be confronted by how and/or when the knock and announce rule applies," and "if [the City] employees make the wrong choice when evaluating if the knock and announce rule applies, a deprivation of constitutional rights will occur." (Doc. 19, at 7-8).

Section 1983 imposes civil liability on any person who, acting under the color of state law, deprives another person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)). Section 1983 does not create substantive rights; it provides a remedy for the violation of federal constitutional or statutory rights. *Shuman*, 422 F.3d at 146. Municipal employers cannot be held vicariously liable for the constitutional violations committed by their employees. *Monell v. NYC Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Instead, "[m]unicipal liability only attaches when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation." *Moeck v. Plesant Valley School Dist.*, 983 F.Supp.2d 516, 524 (M.D. Pa. 2013) (citing *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007)).

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996). In addition, a "policy may be established . . . [by] a municipality's failure to train its employees." *Moeck*, 983 F.Supp.2d at 524 (citing *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir.1989)). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Monell*, 436 U.S. at 691-92. Here, Fagan alleges that City Defendants had a policy or custom of failing "to train and supervise municipal employees on how to properly decide when a no knock entry is permissible and/or how to comply with the knock and announce rule." (Doc. 1, ¶ 94). In addition, Fagan alleges that City Defendants had a policy or custom "to conduct unreasonable searches and seizures in violation of the knock and announce rule." (Doc. 1, ¶ 95).

Once a plaintiff identifies a municipal policy or custom, "he must 'demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.'" *Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)). Deliberate indifference, requires a showing that "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999). And, the plaintiff must further demonstrate that her constitutional injury was actually caused by the municipality's failure to supervise or train its employees. *Carter*, 181 F.3d at 357 n.61; *see also Woloszyn v. County of*

*Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005). Municipal liability based upon failure to train or supervise places a high burden on the plaintiff, and generally requires showing a pattern of violations. *Kline v. Mansfield*, 255 F. App'x 624, 629 (3d Cir. 2007). "The fact that a situation is likely to recur and the predictability that a municipal employee will violate federal rights without adequate training can reflect deliberate indifference." *Moeck*, 983 F. Supp. 2d at 524.

Fagan has not pled facts sufficient to state a municipal liability claim as the complaint alleges general statements relating to the City's failure to supervise and train its employees. As mentioned above, Count I states that the City failed "to train and supervise municipal employees on how to properly decide when a no knock entry is permissible and/or how to comply with the knock and announce rule." (Doc. 1, ¶ 94). In addition, Fagan states that City Defendants had a policy or custom "to conduct unreasonable searches and seizures in violation of the knock and announce rule." (Doc. 1, ¶ 95). This language does not provide or point to any facts that would establish deliberate indifference, but instead makes broad, conclusory statements that simply serve to list elements of the relevant legal claim. *See Hadesty v. Rush Twp. Police Dep't*, No. 3:14-CV-2319, 2016 WL 1039063, at *13 (M.D. Pa. Mar. 15, 2016) (finding that plaintiff failed to allege municipal liability against city and city police department). Specifically, Fagan does not provide any factual allegations to demonstrate that the City policymakers knew that police officers were likely to confront a situation like the one at issue. Fagan only mentions whether there is a "history" of violations of this kind exists within the Wilkes-Barre City police department of "mishandling searches and seizures, violating the knock and announce rule, committing no knock entries in violation of the Constitution and otherwise conducting unreasonable searches and seizures," in a non-specific, generalized manner. (Doc. 1, ¶ 99). Finally, Fagan does not provide facts to support

her conclusion that a wrong choice by an employee is likely to cause deprivation of constitutional rights. (Doc. 1, ¶ 100). Furthermore, even if Fagan provided factual allegations to support the deliberate indifference in this context, she still fails to include any factual allegations to establish the requisite causal connection. Fagan fails to show a close relationship between the alleged failure to train and/or supervise and the violation of Fagan's constitutional rights, and there is no way to tell whether the alleged Fourth Amendment violations would occur if additional training or supervision were conducted. *Park v. Veasie*, 720 F. Supp. 2d 658, 667 (M.D. Pa. 2010) (finding that plaintiff failed to allege facts connecting the existence of a custom or policy to the underlying events).

When deciding a motion to dismiss, the Court is only bound to take into consideration factual allegations, and need not consider those that are conclusory. "[A] formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Bell Atlantic Corp.*, 550 U.S. at 554-55). Because Fagan solely provided broad generalizations and sweeping conclusory statements with regard to any theory of municipal liability in Count I, the Court finds that she failed to provide sufficient facts to support a plausible claim against the City. *See Hadesty*, 2016 WL 1039063, at *13. Accordingly, the claims in Count I of the complaint are dismissed without prejudice.

C. Pennsylvania State Law claims

In Count I of the complaint, Fagan asserts claims against City Defendants under Pennsylvania law for failure to supervise and/or train. (Doc. 1, ¶ 80). Fagan alleges federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 to hear and decide her claims under Pennsylvania state law. (Doc. 1, ¶¶ 3-4). However,

as the Court found that Fagan's federal claims in Count I must be dismissed for failure to state a claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3). Whether a court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that the remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. The Court finds nothing in the record to distinguish this case from the ordinary one, and thus the balance of factors "point toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7.

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Fagan leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson*, 293 F.3d at 108.

Fagan will be allowed an opportunity to file an amended complaint curing the deficiencies in Count I discussed herein and setting forth factual allegations and legal claims

in a manner that can be answered by Defendants. The amended complaint must be a pleading that *stands by itself without reference to the original complaint*. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). Further, the amended complaint must be "simple, concise, and direct" as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure. It must also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred, albeit vaguely, in the original complaint. All claims should be set out in individual, numbered counts. Failure to file an amended complaint in accordance with the aforementioned requirements will result in the dismissal of this action in its entirety.

V.   CONCLUSION

For the foregoing reasons, City Defendants' partial motion to dismiss is **GRANTED** and Count I of Fagan's complaint is dismissed without prejudice. (Doc. 10). However, Fagan's Fourteenth Amendment claim in Count I is dismissed with prejudice pursuant to the more-specific-provision rule.

Fagan shall have 14 days from the date of this Memorandum Opinion to file an amended complaint setting forth allegations in support of this civil action against Defendants and curing the deficiencies outlined herein.

An appropriate Order follows.

**BY THE COURT:**

Dated: August 3, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**

10